# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

PHILLIP MONROE BALLARD          CIVIL NO.: 16-00654
                                    CRIMINAL NO.: 13-00067-01

VERSUS                                  JUDGE DONALD E. WALTER

UNITED STATES OF AMERICA

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by petitioner Phillip Monroe Ballard. [Doc. #1]. The Government filed a response [Doc. #5]. Petitioner then filed a motion for extension of time to file a reply [Doc. #7], which the Court now **GRANTS**; petitioner's reply [Doc. #8] has been considered herein. For the reasons set forth below, petitioner's motion [Doc. #1] is hereby **DENIED**.

## BACKGROUND

On December 11, 2013, Ballard was convicted, following a jury trial, of solicitation to commit the murder of federal judge John McBryde, in violation of 18 U.S.C. § 373. He was sentenced to a term of imprisonment of 240 months, followed by one year of supervised release. His conviction was affirmed on direct appeal. *United States v. Ballard*, 599 F. App'x 199 (5th Cir. 2015). Rejecting each of Ballard's arguments on appeal, the Fifth Circuit found that the evidence was sufficient to establish Ballard's intent to solicit murder and that there was no abuse of discretion in admitting certain evidence or overruling a particular hearsay objection from Ballard. The Fifth Circuit explained, in pertinent part:

1

To show Ballard's intent, the Government presented evidence including, but not limited to: (1) informant testimony that Ballard asked if he knew someone to kill Judge McBryde; (2) audio/visual recordings reflecting Ballard discussing with the informant the preferred manner for killing the judge and Ballard calling the undercover FBI agent posing as a hitman; as well as (3) email sent from Ballard's account asking his sister to send money to the address provided by the undercover agent. Since Ballard presented no sufficient countervailing evidence, it was plausible for a rational jury to find him guilty on the evidence presented.

599 F. App'x at 200.

On July 8, 2016, Ballard timely filed the instant motion to vacate his sentence, arguing that his trial counsel was deficient in his failures to investigate the relevant facts and law and subsequently put forth a First Amendment defense during trial. In support of his argument, Ballard relies on two cases, *Brandenburg v. Ohio*, 395 U.S. 444 (1969), and *N. A. A. C. P. v. Claiborne Hardware Co.*, 458 U.S. 886 (1982), to assert that a First Amendment defense was available, but denied, to him at trial. Ballard alleges that he unsuccessfully urged his trial attorney to research these two cases in order to present appropriate defenses. Ballard claims, first, that the Government's evidence against him failed to establish incitement, under *Brandenburg*, because Ballard's "intent resulted in no immediate harm to [Judge McBryde]." [Doc. #1, p. 17]. Second, under *Claiborne Hardware*, Ballard claims that his mere advocacy of the use of force or harm was protected by the First Amendment. *Id.* at p. 18. For the reasons that follow, the Court is not persuaded by Ballard's arguments and finds that there is no legal basis to support his motion to vacate.

## LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3)

"the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted)).

Courts may consider claims for ineffective assistance of counsel brought for the first time in a § 2255 motion. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either prong of the *Strickland* test will result in a finding that counsel's performance was constitutionally effective. *Id*. at 696. In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Upon review of the record and applicable substantive law, there is absolutely no doubt that

3

the result of this criminal trial would have been different absent counsel's alleged errors. Even assuming the facts exactly as Ballard has alleged in the instant motion, *i.e.* that he unsuccessfully urged his attorney to argue *Brandenburg* and *Claiborne Hardware* in support of a First Amendment defense, the jury would have rightfully convicted Ballard on the evidence presented. As the Government points out, any attempt to pursue a First Amendment defense would have been frivolous. Although "the First Amendment protects even speech that is loathsome[;] criminal solicitations are simply not protected by the First Amendment." *United States v. White*, 698 F.3d 1005, 1016 (7th Cir. 2012). "Offers to engage in illegal transactions are categorically excluded from First Amendment protection." *United States v. Williams*, 553 U.S. 285, 297 (2008). The cases cited by Ballard are inapposite.

### CONCLUSION

For the reasons stated herein, petitioner Phillip Monroe Ballard's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is hereby **DENIED**. This action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Ballard's Motion to Amend or Correct the instant 28 U.S.C. § 2255 motion [Doc. #9] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability is **DENIED**, as petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22 day of December, 2016.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE